## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST        )
FROM POLAND                    )
IN THE MATTER OF               )    Misc. No. 08-
ENKEV                          )

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Polish authorities seek information from the Delaware Secretary of State's Office and a corporation that may reside in Delaware. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 2/19/08

*Sworn translator of English and Russian*
*Małgorzata Żabicka, MA*
*ul. Szkolna 5 m. 12*
*16-315 Lipsk*

**Translation from the Polish language**

/national emblem of Poland/
DISTRICT PUBLIC PROSECUTOR
IN ŁÓDŹ

Łódź, June 29th, 2006

I Oz 96/06

**REQUEST**
**for legal assistance in a criminal case**

Regional Public Prosecutor's Office Łódź-Widzew supervises the proceedings number Ds. 966/06 in case of deed under article 270 § 1 of the Criminal Code.

In the course of the proceedings it was established that to the company ENKEV Polska Spółka Akcyjna in Łódź, ul. Targowa 2, on February 10th, 2006 a package of documents was sent from Austria, from Border Trans Service Internationale Speditions GmbH, according to which there was customs clearance made on behalf of ENKEV regarding products (e.g. polyethylene films, wallpapers, plastic bottles) which have been sent to Austria from Slovakia, from the vendor, i.e. Proworld Investments LLC, 3511 Silverside Road, Suite 105, VS-19810 Wilmington (USA). The goods valued at EUR 1,130.41 were to be transported by the Ukrainian means of transportation of number 10330 PE to Parma, Italy. The receiver was to be SIG Simonazzi Sp.A., via La Spezia 241/A, 43100 Parma, Italy. Xerox copies of the documents sent to ENKEV, i.e. 11 pages, have been enclosed hereto as Attachments No. 1-6 and further correspondence 7-9.

ENKEV Polska Spółka Akcyjna does not maintain trade contacts with any of the aforementioned companies in Austria, Italy, and United States. It never granted any power of attorney to the Austrian dispatcher - Border Trans Service Internationale Speditions GmbH to represent ENKEV. It was established that the seal of ENKEV on the dispatcher's letter of attorney (Attachment No. 8) was falsified. Jolanta Bartosik interrogated as a witness testified that she never signed such document and that the signature on the document was not placed by her.

Therefore, there is a need to conduct proceedings in the USA, and I would very much appreciate if you could perform the following actions:

I.  Interrogation as witness, to the records, of the representative of **Proworld Investments LLC, 3511 Silverside Road, Suite 105, US-19810 Wilmington, USA** in the aforementioned respects, including answers to the following questions:

   1. did the aforementioned company ever sell goods to ENKEV Polska Spółka Akcyjna in Łódź, if so, can he/she provide documentation confirming the said facts?

   2. did it receive order from ENKEV for goods such as: polyethylene films, wallpapers, and plastic bottles (please provide the original copy of the order) and what were the grounds for issuing of the document, the Xerox copy of which has been enclosed hereto as Attachment No. 4?

   3. was and how was ENKEV contacted, and possibly who acted on behalf of ENKEV Spółka Akcyjna?

*Translation from Polish*

/signature: Małgorzata Żabicka/

1/13

4. how was the payment for goods to be made, was it made, and who made it (please enclose the original or authenticated copies of payment or transfer receipts, and other materials gathered in the case)?

Prior to interrogation, please advise the witness about the criminal liability for false testimony, i.e. about article 233 § 1 of the Polish Criminal Code and about a possibility to refuse answering questions pursuant to article 183 § 1 of the Polish Code of Criminal Procedure. Excerpt from the Polish law has been enclosed hereto as Attachment No. 10.

The materials and documents gathered will undoubtedly contribute to appropriate completion of the criminal proceedings Ds. 966/06 conducted by the Regional Public Prosecutor's Office Łódź-Widzew.

        Deputy District Public Prosecutor
        In Łódź
        Robert Gąsiorowski
        (-) *signature illegible*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* District Public Prosecutor's Office in Łódź, * 1 *

*Translation from Polish*

2/13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM POLAND IN THE MATTER OF ENKEV | ) ) ) Misc No. 08- ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

    3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Poland, which procedures may be specified in the request or provided by the Polish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge